By the Court. Pierrepont, J.
The Legislature, evidently, intended to discourage the "bringing of actions, for small claims, in the higher Courts.
By section 304 of the Code, the plaintiff in an action like this is entitled to costs if he recover $50 or more. By section 305, the defendant in such action is entitled to costs, unless the plaintiff has a • right to them. The plaintiff not being entitled to costs, it follows that the defendant is entitled to them. It is also clear that the plaintiff is not entitled to recover his disbursements from the defendant. The right to recover disbursements is incident to the right to recover the costs of the action. They are entered in the bill of costs, and adjusted as a constituent part of it: The plaintiff, having no right to costs, has none to disbursements.
The plaintiff insists that, under the Code, disbursements are to be entered in the judgment in favor of, and that they are recoverable by, the “prevailing party;” and that the party who recovers even a less sum than $50, has prevailed; and that as the defendant has not recovered a verdict for any sum, he has not prevailed. .
In those sections of the Code which relate to costs, “ the prevailing party” therein mentioned is he who has prevailed in establishing his right to costs under the law. A plaintiff who sues for and recovers $20 only, in a Court of Record, is not the prevailing party within the statute relating to costs, and the defendant in such action is the prevailing party.
"We have not omitted a careful consideration of the case of Kalt v. Lignot (3 Abbott, 33), and the other cases cited by the plaintiff’s counsel.
The order appealed from must be affirmed, with $10 costs.