GEORGE J. ROBINSON, ADM'R OF MEADE N. MACARTNEY V. JOSEPH R. BENNETT.

*Indemnity to deputy for consequences of acts done under specific instructions.*

Where judgment in trover has been obtained against a deputy marshal for goods which he has taken while acting under specific instructions from the marshal and in reliance on the latter's verbal promise to indemnify him, he can maintain a bill against the marshal to obtain protection against such judgment by compelling the latter to indemnify or pay him; and if he dies pending suit his administrator can carry the suit to a decree for the protection of the estate.

A deputy marshal acting under specific instructions in making a levy cannot be put as between him and his principal on the footing of a joint wrong-doer.

A federal court has no jurisdiction to proceed to judgment if plaintiff and all defendants served with process are residents of another state and the only defendant living in the state where suit is brought is not served.

Appeal from Lenawee. (Howell, J.) Apr. 26.—June 6.

BILL for indemnity. Complainant appeals. Reversed.

*Hawes & Phelps* for appellant. One who is entitled to indemnity if made liable for acts done under the orders of another is the latter's surety: *Jones v. Whitehead* 4 Ga. 397; *Smith v. Shelden* 35 Mich. 42; *Kenyon v. Woodruff* 33 Mich. 314; Brand on Suretyship § 1; *Scully v. Hawkins Admr.* 14 La. Ann. 183; *Philips v. Biggs* Hard. 164; *Adamson v. Jarvis* 4 Bing. 66; *Inkster v. First Nat. Bank of Marshall* 30 Mich. 143; *Howe v. Buffalo etc. R. R.* 37 N. Y. 297; a deputy marshal acting in good faith under the instructions of his superior is entitled to indemnity from the marshal for all damages which he sustains in consequence of a trespass committed by him while so acting: *Gower v. Emery* 18 Me. 79; *Holmes v. Weed* 19 Barb. 128; *Chace v. Hinman* 8 Wend. 452; *Smith v. Webster* 23 Mich. 298; *Ram-*

*say v. Gardner* 11 Johns. 439 ; *Frixione v. Tagliaferro* 24 E. L. & E. 27 ; *Moore v. Appleton* 26 Ala. 637 ; *Rogers v. Kneeland* 10 Wend. 219 ; *Adamson v. Jarvis* 4 Bing. 68 ; *Allaire v. Ouland* 2 Johns. Cas. 52 ; *Avery v. Halsey* 14 Pick. 174 ; *Woodruff v. Halsey* 8 Pick. 333 : 9 Pick. 555 ; *Coventry v. Barton* 17 Johns. 142 ; *Drummond v. Humphreys* 39 Me. 347 ; *Randall v. Rich* 11 Mass. 494 ; *Payson v. Whitcomb* 15 Pick. 212 ; *Greene v. Goddard* 9 Met. 222 ; but see *Rogers v. The Marshal* 1 Wal. 644 ; *Jenney v. Delesdernier* 20 Me. 183 ; *Kimball v. Perry* 15 Vt. 414 ; *Crowder v. Long* 8 B. & C. 598 ; *Gorham v. Gale* 7 Cow. 739 ; and he may, in equity, compel his principal to relieve him, even, from liability : Thiebold on Prin. & Surety 169 ; *Howell v. Cobb* 2 Coldw. 104 ; *Greene v. Starnes* 1 Heisk. 582 ; *Nisbet v. Smith* 2 Bro. C. C. 579 ; *Cox v. Tyson* 1 T. & R. C. C. 395 ; *Bishop v. Day* 13 Vt. 81 ; *Whitridge v. Durkee* 2 Md. Ch. 442 ; *Ranelaugh v. Hayes* 1 Vern. 190 ; *Hannay v. Pell* 3 E. D. Smith 432 ; *Pride v. Boyce* Rice's Ch. 284 ; *West v. Chasten* 12 Fla. 315 ; *Marsh v. Pike* 1 Sandf. Ch. 210 ; *Rice v. Downing* 12 B. Mon. 45 ; *Gilbert v. Wiman* 1 Comst. 550 ; *Gibbs v. Mennard* 6 Paige 260 ; *Antrobus v. Davidson* 3 Meriv. 569 ; *Croone v. Bivens* 2 Head 339 ; a judgment against the deputy fixes the amount of his principal's liability if the latter has notice of the action against the deputy and could have defended it : *Blasdale v. Babcock* 1 Johns. 517 ; *Kip v. Brigham* 6 Johns. 158 ; *Howe v. Buffalo etc. R. R.* 37 N. Y. 299 ; *Robbins v. Chicago* 4 Wal. 657 : 2 Black 418 ; *Boston v. Worthington* 10 Gray 496 ; or if he actually defended : *Bender v. Fromberger* 4 Dal. 436 ; *Chamberlain v. Carlisle* 26 N. H. 540 ; *King v. Chase* 15 N. H. 1 ; 1 Phil. Ev. 332 ; 1 Greenl. Ev. §§ 527, 528 ; *Tyler v. Ulmer* 12 Mass. 167 ; *Adams v. Balch* 5 Greenl. 188 ; 2 Stark. Ev. 190 ; *Clark v. Carrington* 7 Cr. 308 ; *Castle v. Noyes* 14 N. Y. 329 ; *Emery v. Fowler* 39 Me. 331 ; *Lovejoy v. Murray* 3 Wal. 1 ; 2 Whart. Ev. § 824 ; *Coffee v. Neely* 2 Heisk. 304.

*Weaver & Weaver* and *Maynard & Swan* for appellee.

Liability in an action at law is established upon a promise to indemnify against all liability as soon as judgment is obtained against the party in whose favor the promise is made, if the party making it had notice of the pendency of the action and good faith was shown in defending it : *Carman v. Noble* 9 Penn. St. 366 ; *Belloni v. Freeborn* 63 N. Y. 390 ; *Pond v. Warner* 2 Vt. 532 ; *Churchill v. Hunt* 3 Den. 321 ; *Wright v. Whiting* 40 Barb. 235 ; Brandt on Suretyship § 190 ; *Rockfeller v. Donnelly* 8 Cow. 623 ; *Stroh v. Kimmel* 8 Watts 157 ; but a judgment which constitutes a personal claim only is barred when not regularly presented and proved within the prescribed time : *Clark v. Davis* 32 Mich. 158 ; *Tute v. James* 46 Vt. 60 ; *Shurburn v. Hooper* 40 Mich. 505.

CAMPBELL, J. The complainant has come into this case as representing his intestate, Meade N. Macartney, who filed the original bill, but died during the suit. The original bill was filed by the intestate, who had been a deputy of the defendant, formerly United States Marshal, to obtain protection by indemnity or payment, against a judgment in trover obtained by Albert Pack, George Pack and John L. Woods for property belonging to them, but sold on execution against third persons.

The case relied on was that in May, 1876, defendant as such marshal placed in Macartney's hands an execution issued out of the United States circuit court at Detroit in favor of Morrison W. Evans as plaintiff against George J. Robinson, Henry S. Cunningham, Calvin Haines and Philip M. Ranney, the execution however containing an endorsement showing that Robinson was not served with process, and his individual property not liable. At the time of receiving the writ, instructions were also received to levy on certain specified lumber which was accordingly seized and sold under these instructions, but as it turned out wrongfully. Macartney having been sued called upon defendant to protect him, but the counsel who represented defendant and who in fact represented the execution

creditor and the nominal execution debtors who were manifestly in collusion with him, saw fit to rely upon another remedy by injunction bill in the United States court, and the case went to judgment after a trial on the merits. Defendant had been indemnified by the judgment creditor who sued out the execution.

Macartney having died the suit is revived to protect his estate.

The principal ground taken on the argument for the defense against granting a remedy to Macartney, who was manifestly entitled to it presumptively, was that he relied upon a verbal promise from Bennett to indemnify him, and that this should have been sued on at law after breach.

We do not think there is any foundation in the rules of equity for any such claim. The object of such protection might entirely be lost by such a practice. Such an agreement may be in a shape where the legal remedy would be adequate. But where there is nothing more than a promise without security a specific decree providing for redress appropriate to the case is the only adequate remedy. It would be unreasonable to leave the party entitled to protection entirely unprotected with a judgment hanging over him on which both his person and his property were liable at any time to be seized. Adams Eq. 267—271 and cases. The case of a deputy acting under specific instructions in making a levy cannot be put as between him and his principal on the footing of a joint wrong-doer.

The answer does not rely on this defense, but sets up that Macartney acted in his own wrong on his personal responsibility, with knowledge of the facts, and by collusion.

The testimony on the contrary, in our opinion, shows that Macartney acted honestly throughout and under specific instructions which were given with knowledge in the parties on whose responsibility the marshal acted and with notice to his general deputy who represented him in giving orders. And in our opinion it shows that whatever collusion and wrong occurred came from the parties representing the judgment.

The suit on which the judgment was rendered was one over which, if the facts had appeared on the face of the record the United States court had no jurisdiction to render the judgment which was rendered, where the plaintiff and all of the defendants who were served were citizens of New York, and the only defendant who lived in Michigan was not served. It was rendered on voluntary appearance by the non-resident defendants, and from all the surroundings it is hardly open to doubt that it was purposely in wrong of the Michigan defendant and done to reach property in which he had been individually interested, without giving him a chance to defend the action.

When Macartney was sued, he had been given to understand that his defense would be made by the counsel of these parties. His name was used without his consent in proceedings by injunction bill in the United States court which were expressly forbidden by United States statutes and were held void by that court. He was not to blame for the action of the local court in refusing to delay trial on account of such proceedings, and if the judgment against him was excessive or could have been prevented or modified by a better-managed defense (of which there is no sufficient showing) it was the fault of the parties who neglected seasonably to defend it.

As these various parties, who practically stand behind the record in the case before us, are not named on the record, we do not think it would be profitable to discuss their conduct at length. But we find nothing whatever to justify us in depriving Macartney of his right to indemnity.

But it is claimed his death has ended this right, and that his estate does not succeed to it. We do not understand why his heirs and creditors are not entitled to have his estate protected against the liability to respond to the judgment creditors. There is nothing to prevent the judgment from being proved against the estate. Of course the estate can only be damaged to the amount of its assets which seem to be small in amount, and there is not the same occasion as

during his life to compel payment of the judgment itself. But to that extent indemnity should be given.

The decree below dismissing the bill should be reversed with costs of both courts.   Defendant must give bond with two sufficient sureties, to be approved by the circuit judge or a circuit court commissioner, to pay any claim which may be proved against the estate on such judgment, for such amount as it would be entitled to out of the assets;—such bond to be in a penalty of seven thousand dollars.

GRAVES, C. J. and COOLEY, J. concurred.