LEVENE v. HAHNER.

(Supreme Court, Appellate Division, First Department.　June 14, 1901.)

COURTS—COSTS—ACTION—REMOVAL.

　　Code Civ. Proc. § 3216, provides that an action in the district court of the city of New York, when the amount claimed exceeds $100, shall be removed to the city court of New York on the application of defendant and his giving bond; and chapter 21, tit. 1, § 3228, subd. 4, provides that in actions within that subdivision, where the complainant demands judgment for a sum of money only, he shall not be entitled to costs unless he recovers $50 or more; and section 3229 declares that, in case plaintiff shall not recover $50, defendant shall be entitled to costs; and section 3347, subd. 13, provides that Code, c. 21, tits. 1–3, shall apply only to actions in one of the courts specified in subdivision 4, which specifies the supreme court, the city court of New York, and the county court. *Held*, that where an action was commenced in the district court, and was transferred to the city court, and plaintiff recovered less than $50, neither party was entitled to costs as of course, since section 3347, subd. 13, applied to sections 3228 and 3229, and hence costs allowed therein are not recoverable in actions commenced in a court not of record, and transferred thereto.

　　Appeal from appellate term.

　　Action by Jennie Levene against John Hahner.　From an order of the appellate term (68 N. Y. Supp. 853) reversing an order of the general term of the city court of New York (66 N. Y. Supp. 480) reversing an order of the city court special term, which denied plaintiff's motion to vacate a taxation of costs in favor of defendant, plaintiff appeals.　Reversed.

　　This action was commenced in the district court to recover the sum of $100 and interest for the defendant's negligence resulting in the loss of a bicycle intrusted to him as a common carrier for delivery.　The answer was a general denial.　On the return day the defendant appeared, and, pursuant to section 3216 of the Code of Civil Procedure, filed an undertaking removing said cause to the city court.　The action was thereafter tried in that court, and a verdict rendered for the plaintiff for the sum of $43.75.　Upon the ground that the verdict was less than $50, the defendant presented his bill of costs for taxation, which, over plaintiff's objection, was taxed at $71.78.　Thereafter a motion to vacate the taxation of the defendant's costs was denied by the special term of the city court, and the plaintiff appealed to the general term of the city court, which reversed the special term and the clerk's taxation, and directed the clerk to tax the full bill of costs in favor of the plaintiff.　The defendant then appealed to the appellate term of the supreme court, which reversed the general term of the city court and affirmed the order of the special term of that court, but with leave to the plaintiff to appeal to this appellate division.

　　Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

　　Julius Lehmann, for appellant.
　　Robert L. Turk, for respondent.

　　O'BRIEN, J.　Costs are regulated by statute, and therein must be found the answer to the question, when raised, as to what costs and in whose favor the same are taxable.　Sections 3228, 3229, of the Code of Civil Procedure provide that the plaintiff is entitled to

recover costs only when he obtains a judgment for $50 or more, and, if he fails to recover such judgment, then the defendant is entitled to costs. These sections are undoubtedly controlling as to all actions commenced in courts of record, but it remains to be determined whether they affect actions commenced in a district or municipal court and removed into the city court. In this discussion we shall eliminate cases removed from a justice of the peace into a county court, because as to such there are express provisions regulating the subject of procedure and costs which are entirely inapplicable to the case at bar. The only advantage of referring to the law regulating actions commenced in a justice's court and removed into a county court, and to the decisions construing the provisions of law relating thereto, is merely to re-enforce what has already been stated,—that the subject of costs is one entirely regulated and controlled by statute. Passing, therefore, to the provisions of law which it is claimed affect the question here under discussion, we find, in addition to the sections mentioned, that section 3347, subd. 13, of the Code of Civil Procedure provides: "In chapter twenty first, titles first, second and third, apply only to an action in one of the courts specified in subdivision fourth of this section;" and subdivision 4 provides: "The remainder of chapter fifth and the whole chapter sixth apply only to an action commenced on or after the first day of September, 1877, in the supreme court, the city court of the city of New York or a county court." And section 3216 of the Code of Civil Procedure, by virtue of which the action herein was removed to the city court, provides that an order of removal may be granted in certain cases, and upon the filing of an undertaking in a sum not exceeding twice the amount of the damages claimed, and that "from the time of the granting of the order the city court of the city of New York has cognizance of the action," and the papers must be delivered to the clerk of that court. Formerly as to an action commenced in a district court, and under a similar statute removed to the court of common pleas, it was held that it continued in its nature to be an action in a district court; or, as expressed in the language of the opinion in Smith v. White, 23 N. Y. 572:

"The action commenced there was never discontinued, but was removed to the court of common pleas. The proceedings in the latter court were a continuance merely of the action already at issue. The pleadings in the district court were those on which the trial was had in the common pleas, and it was the evident intention of the law under which the removal into a court of record was made that the progress of the suit should not be interrupted by such removal."

It will be seen, however, that there is no express provision governing the subject of costs in actions which are removed from the district court to the city court, and that the provisions of the Code relating to the recovery by a plaintiff of a judgment of $50 or more apply specifically to actions commenced in courts of record. The evident purpose of these sections was, as said in Peet v. Warth, 1 Bosw. 653, "to discourage the bringing of actions for small claims in the higher courts." Thus, in Hames v. Judd (Com. Pl.) 9 N. Y. Supp. 743, wherein the question as to security for costs was involved in an

action removed from a district court to the court of common pleas, it was said:

"The legislature evidently intended that the plaintiff who brought his action in a court not of record, where such court had jurisdiction, should not be required to give security for costs. The object of the legislation is plain enough. It is to encourage resort to the inferior courts in matters of which they have jurisdiction, and the defendant, by removing the cause into a court of record, cannot deprive the plaintiff of the immunity which he has gained by resorting in the first instance to the favored tribunal."

So, also, in Glackin v. Zeller, 52 Barb. 147, where the plaintiff brought an action in the court of a justice of the peace, and the defendant objected that the amount involved was in fact greater than named, and the action was accordingly dismissed, and an action thereafter brought in the supreme court, in which the plaintiff recovered less than $50, and the defendant opposed the taxation of costs in plaintiff's favor, claiming that he was entitled under the Code to costs; and the court, in finding for the plaintiff, said:

"The plaintiff * * * is cut off from suing again before a justice. He must lose his demand, or sue in another court. He proceeds in the only other court that has jurisdiction of the matter. He litigates there until the costs quadruple his demand, and recovers less than $50 damages. * * * He is then met with the objection, in effect, that not only he cannot recover costs, but must pay his own, and has an order that the defendant is entitled to costs because the action should have been brought in a justice's court. This presents a case of blowing hot and blowing cold with wind from the same lungs, to the great advantage of the party in the wrong, * * * and in its results is not in accordance with the spirit and intent of the statute."

On the other hand, our attention is directed to the case of Combs v. Combs, 25 Hun, 279, and cases citing it, wherein the rule was stated (headnote) that:

"Section 3228 of the Code of Civil Procedure, providing that the plaintiff is entitled to costs of course in the actions specified in the subdivisions of that section, applies to actions commenced in a justice's court, and taken by appeal to the general term of the supreme court, and is not limited by subdivision 13 of section 3347 of the said Code to actions commenced in courts specified in subdivision 4 of the latter section."

And, relying upon this authority in Mattes v. Pause (Com. Pl.) 19 N. Y. Supp. 222, which was a special term decision affecting a case removed from a district court into the court of common pleas, it was held:

"The provisions of the Code of Civil Procedure respecting costs (chapter 21, tits. 1, 2, and 3) apply to actions tried in one of the courts specified in subdivision 4 of section 3347, * * * and are not limited to actions commenced in one of such courts and triable therein."

The error into which the learned judge fell was in not noting the distinction which by subdivision 4 of section 3347 is made between "actions commenced" and actions triable in such courts.

The result of our examination, therefore, has been a failure to find any provision of the Code which regulates the subject of costs in an action removed from a district or municipal court into the city court; and this, as we take it, was the conclusion reached by the learned judge writing the opinion of the appellate term, for he says:

"Neither the Code of Civil Procedure, nor any other statute, so far as I can discover, in express terms declares what costs either party shall be enti-

tled to; and the matter must, therefore, be determined by such inferences as can be reasonably drawn from existing statutes."

The difference between the conclusion reached by the appellate term and the one at which we have arrived results merely from what we regard as the unwarranted force given to inferences which might be drawn from existing statutes which it is conceded do not, in express terms, control the subject. In other words, in our view, it will not do to rely on inferences, but, on the contrary, upon the subject of awarding or withholding costs, express authority must be found in the statute. This we understand to be the rule clearly expressed in the case of McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650, wherein it is said:

"Costs are regulated by statute, and, unless the plaintiff can point to some statute giving him costs in a case like this, he is not entitled to any. * * * But there is no provision in the Code giving the plaintiff costs in such a case against the defendant where the recovery is for less than $50, and no language is used indicating that such was the legislative intention. * * * In construing a statute the legislative intent must be sought in the language used therein contained, with such helps as the canons of interpretation allow. But new language, or, as in this case, an entirely new provision, cannot be imported into the statute, giving it a meaning not otherwise found therein. While the courts may interpret doubtful or obscure phrases and imperfect language in a statute, so as to give effect to the presumed intention of the legislature, and to carry out what appears to be the general policy of the law, they cannot, by construction, cure a casus omissus, however just and desirable it may be to supply the omitted provision."

Our conclusion is that, with respect to actions originally commenced in the district or municipal court and removed into the city court, and therein tried, no provision has been made by the legislature as to costs, and that under such circumstances neither party is entitled to them. The order of the appellate term should therefore be reversed, and judgment should be entered for plaintiff in accordance with the views herein expressed, with costs and disbursements of the appeal to the plaintiff. All concur.