(36 Misc. Rep. 171.)

BARRY et al. v. WINKLE.

(Supreme Court, Appellate Term. October, 1901.)

COSTS—SHORT CAUSE CALENDAR.
    No authority for imposing costs of $45 on the plaintiff for failing to try in an hour a case put on the short cause calendar by consent of parties exists, under the Code of Civil Procedure.

Appeal from city court of New York, general term.

Action by Benjamin C. Barry and others against Adolph Winkle. From an order of the general term (71 N. Y. Supp. 845) affirming an order imposing $45 costs on said plaintiffs, they appeal. Reversed.

Argued before FREEDMAN, P. J., and McADAM and GIL-DERSLEEVE, JJ.

Bullowa & Bullowa (Ferdinand E. M. Bullowa, of counsel), for appellants.'

Thomas M. Rowlette (John A. Straley, of counsel), for respondent.

McADAM, J. The plaintiffs moved to put the action upon the calendar of short causes, which, under the rule adopted by the city court, must be tried within one hour. The defendant consented to the application, and an order was thereupon made directing an early trial. The trial was not concluded within the hour, and the cause was thereupon ordered to the foot of the general calendar, and the plaintiffs were directed to pay to the defendant· the sum of $45 as costs for attempting to try the cause in one hour and not succeeding, or as a penalty or punishment for their failure. The plaintiffs appealed from the order to the general term of the city court, which affirmed the order, with costs; hence the present appeal from the said court.

We find no authority for the imposition of any such costs. The power to award costs emanates from the statute, and authority for awarding them must be found in the Code of Civil Procedure, or they cannot be allowed. Downing v. Marshall, 37 N. Y. 380; McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650; Cassidy v. McFarland, 139 N. Y. 201, 208, 34 N. E. 893; Krafft v. Wilson, 8 Civ. Proc. R. 359; Levene v. Hahner, 62 App. Div. 195, 200, 70 N. Y. Supp. 913. If the court had power to impose $45 costs, why not $145? How is the amount to be determined, and by whom? Where a favor is granted, the courts may, as a condition, impose the payment of reasonable costs, the amount of which should be fixed by the order that grants them. Pars. Costs, p. 105, § 1. If the party accepts the favor, he takes it cum onere, and may be held for the costs on the theory of estoppel. The order granting the motion imposed no conditions. Indeed, the order was assented to, and, according to the record, was applied for to accommodate the defendant. If the defendant became entitled even to a trial fee for the mistrial, it would only be in case he ultimately succeeded in the action; and then it might enter into the final judgment, and be collectible by execution thereon. Gilroy v. Badger, 28 Misc. Rep. 143, 58 N. Y. Supp. 1106. But no interlocutory judgment may be rendered for the costs allowed (In re Brasier, 2 How. Prac. [N. S.] 154; Id., 13 Daly, 245); and, if these are to be deemed motion costs merely, the authority to enlarge them beyond $10 seems to be wanting. The order appealed from, in so far as it awards costs against the plaintiffs, must be reversed, with costs in this court and at the general term of the city court.

Order, in so far as it awards costs against plaintiffs, reversed, with costs. All concur.