KOCHMAN v. HEFTER et al.

(Supreme Court, Appellate Term.   December, 1902.)

1. COSTS—TRANSFER OF CAUSE FROM MUNICIPAL COURT.

 The Municipal Court act (Laws 1902, p. 1585, c. 580, § 332) provides that, "where an action is removed as provided in section 3 of this act, costs shall be allowed as if it had been commenced in the court to which it is removed," and went into effect September 1, 1902.  Section 3 relates to the proceedings requisite in the removal of an action from the Municipal Court, and its provisions are substantially the same as those of Greater New York charter (Laws 1897, p. 487, c. 378, § 1366, amended by Laws 1901, p. 581, c. 466), the law theretofore existing on the subject. Section 362, p. 1594, of the Municipal Court act, provides that "the provisions of this act, so far as they are substantially the same as those of laws existing prior to September 1, 1902, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this act, and not as a new enactment."  *Held,* that section 3 must be considered as a continuation of the old law, and not as a new enactment, and that an action commenced and removed under the old law was "removed as provided in section 3," and costs should therefore have been allowed as though the action was commenced in the court to which it was removed.

Appeal from City Court of New York, Special Term.

Action by Alfred Kochman against Morris Hefter and another. From an order of the City Court of New York, made at a Special Term, resettling the taxation of costs made by the clerk of said court, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREEN-BAUM, JJ.

Corn & Lazansky, for appellant.

Fluegelman & Bach, for respondents.

GREENBAUM, J.   This action was originally commenced in the Municipal Court in October, 1901, to recover damages for breach of contract, and in the same month was removed by the defendant to the City Court of New York.   The action, coming on for trial in the City Court on October 7, 1902, resulted in a verdict in favor of the plaintiff.   Thereafter the clerk of the City Court taxed a full bill of costs, as though the action were originally commenced in the City Court.   One of the defendants thereupon moved at Special Term for a review of said taxation, with the result that the court disallowed all of the costs and disbursements, and from the order entered on said motion this appeal is taken.

The question here presented is, do the provisions of the Municipal Court act of the city of New York (chapter 580, p. 1486, Laws 1902), allowing costs in actions removed from the Municipal Court, the same as if the action had been commenced in the court to which it is removed, apply to actions removed prior to September 1, 1902, when said act went into effect, where the action was brought to trial after that date?

Before the enactment of the Municipal Court act of the city of New York, there was no provision of law allowing costs to either party in actions removed from the Municipal Court to the City Court.

Levene v. Hahner, 62 App. Div. 195, 70 N. Y. Supp. 913. Section 332 of the act (Laws 1902, p. 1585, c. 580) provides:

"Where an action is removed as provided in section 3 of this act, costs shall be allowed as if it had been commenced in the court to which it is removed."

"The allowance of costs to one party against the other is wholly statutory, and is dependent upon the statute existing at the time the right to costs under it accrued. Supervisors v. Briggs, 3 Denio, 173. There is no vested right to unrecovered costs, and there is no want of legislative power to impose or deny costs in actions, or to impair the force, during their pendency, of any statute on the subject of costs." Munson v. Curtis, 43 Hun, 216. See, also, Levene v. Hahner, supra. Section 332 of the Municipal Court act was evidently intended by the Legislature to supply the omission relative to costs that theretofore existed in cases of removal, and is general in its scope. Unless it therefore clearly appears that it was not intended to apply to cases removed from the Municipal Court prior to, and still undetermined on, September 1, 1902, it must be held that the right to costs must be determined by the law existing at the time the right to costs accrues, in all cases. Section 3 of the Municipal Court act, referred to in section 332, relates to the proceedings requisite in the removal of an action from the Municipal Court. The provisions of section 3 are substantially the same as those of section 1366 of the Greater New York charter (Laws 1897, p. 487, c. 378), which was in force in October, 1901, when this action was commenced, and which is continued in the amended charter (Laws 1901, p. 581, c. 466, § 1366), which took effect January 1, 1902. Section 362 of the Municipal Court act (Laws 1902, p. 1594, c. 580) provides:

"The provisions of this act, so far as they are substantially the same as those of laws existing prior to September 1, 1902, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this act, and not as a new enactment."

It is therefore apparent that section 3 of the Municipal Court act must be construed as a continuation of the law as it existed prior to September 1, 1902, and not as a new enactment. It follows that the action was "removed as provided in section 3" of the Municipal Court act, and that costs should here be "allowed the same as if the action had been commenced in the court to which it is removed," as provided in section 332 of the act.

Order reversed, with $10 costs and disbursements to the appellant, and costs of the action allowed as originally taxed by the clerk. All concur.