### A. BLUM, JR., SONS v. O'CONNOR.

(Supreme Court, Appellate Term.  June 22, 1903.)

1. MUNICIPAL COURT—VOLUNTARY DISCONTINUANCE—COSTS.

Municipal Court Act, § 248 (Laws 1902, p. 1561, c. 580), declares that judgment of dismissal, with costs, shall be rendered when the plaintiff voluntarily discontinues the action before it is submitted, and section 332 fixes the amount of costs to be awarded in specified cases, but does not mention a voluntary discontinuance, though subdivision 6 fixes the costs to be awarded on nonappearance of the plaintiff. *Held* that, where a plaintiff voluntarily discontinues, costs should be awarded defendant, under subdivision 6, as in case of nonappearance.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by A. Blum, Jr., Sons against Bartholomew O'Connor. Plaintiff voluntarily discontinued the action before trial, and from a judgment failing to award costs to defendant he appeals.  Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Cornelius F. Collins, for appellant.

Peck & McCann, for respondent.

FREEDMAN, P. J.  This action was commenced by the service of a summons on the defendant, returnable March 30, 1903.  The amount sued for was $400. The record shows that, upon the case being called, the defendant made a motion for costs for nonappearance on the part of the plaintiff.  The plaintiff then appeared, and handed to the court the following notice:

"A. Blum Jrs. Sons, Plaintiffs, against Bartholomew O'Connor, Defendant.

"Plaintiff hereby voluntarily discontinues by Peck & McCann his attorneys.
                                         "Peck & McCann, Plaintiff's Attys.
                                              "52 Broadway, New York."

Defendant thereupon asked for costs on such discontinuance.  The court permitted the plaintiff to voluntarily discontinue the case, holding that there is no provision of law under title 10 of the Municipal Court act fixing costs in cases of this character in favor of defendant. The defendant excepted to such ruling of the court, and brings this appeal.

The case of Rothoser v. Cosel (decided at the April term of this court) 85 N. Y. Supp. ——, involved a similar question, and Mr. Justice Stake wrote an exhaustive opinion, which this court practically adopted by affirming the judgment awarding costs to the defendant in that case.  The contention of the appellants in the case of Rothoser v. Cosel was, and in the case at bar is, based upon the principle set forth in the cases of Barry v. Winkle, 36 Misc. Rep. 171, 73

N. Y. Supp. 188, Levene v. Hahner, 62 App. Div. 195, 70 N. Y. Supp. 913, and McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650. These cases held, in substance, that the "subject of costs is entirely regulated and controlled by statute. The right to costs depends entirely on legislative acts, and, if the Legislature has made no provision for the costs, none can be recovered." The appellant's argument is that the subject of costs in the Municipal Court is governed by title 10, § 330 et seq. (Laws 1902, p. 1584, c. 580), and that section 332 fixes the amount of costs. It is as follows:

"In all actions brought in this court, there shall be allowed to the prevailing party if he shall have appeared by an attorney at law, who files a verified pleading or a written notice of appearance, the following sums of costs."

Subdivisions 2, 3, and 4 then provide for the amount of costs that shall be awarded to the plaintiff. Subdivisions 5, 6, 7, and 8 provide for the amount of costs that shall be awarded the defendant. Subdivision 5 applies when there has been a trial. Subdivision 6 provides that, "where the defendant recovers a judgment on nonappearance of the plaintiff costs shall be awarded to the defendant at the rates prescribed in subdivision 3 based upon the amount of plaintiff's demand in the summons." Subdivisions 7 and 8 apply to counterclaim put in by defendant. It will be seen that in the foregoing section no provision has been made for the amount of costs to be awarded to the defendant where the plaintiff voluntarily discontinues his action. Section 248 of the Municipal Court act provides in part as follows:

"Sec. 248—Non-suit—When Authorized—Judgment that the action be dismissed with costs without prejudice to a new action, shall be rendered in the following cases: (1) Where the plaintiff voluntarily discontinues the action before it is finally submitted."

The rule is enunciated in Barry v. Winkle, Levene v. Hahner, and McKuskie v. Hendrickson, supra, that a statutory enactment is necessary to justify the awarding of costs. The section last quoted expressly awards costs where, as in the case at bar, the plaintiff voluntarily discontinues his action; and there cannot be said, as urged by the respondent, to be "casus omissus" when the act specifically directs, as it does, that costs "shall be" awarded. In McKuskie v. Hendrickson, supra, the court said "costs are regulated by statute, and, unless the plaintiff can point to some statute giving him costs in a case like this, he is not entitled to any"; and similar remarks were made in the cases of Levene v. Hahner and Barry v. Winkle, supra. In all of the cases cited by the appellant there was no statutory provision of any kind permitting or allowing costs and no provision upon which the right to allow costs could be based. The most that can be said is that the language of the Municipal Court act as to fixing the particular sum to be awarded a defendant in case of a voluntary discontinuance of the action by the plaintiff is obscure. That being the case, the court has undoubted authority to interpret doubtful or obscure language in a statute so as to give effect to the presumed intent of the Legislature, and to carry out what seems to be the general policy of the act. McKuskie v. Hendrickson, supra. "One of the rules of interpretation most frequently referred to is to the effect that

the intention must be determined by the whole instrument, rather than by any particular clause." 17 Am. & Eng. Ency. of Law (2d Ed.) p. 4. "What may be considered another aspect of the rule that the instrument shall be considered as a whole is the requirement that every clause, and even every word, shall be given effect if this is in any way possible, and no part shall be rejected unless absolutely repugnant to the general intent." Id., p. 7.

It would be most unreasonable to assume that the Legislature intended to permit a plaintiff to come into court, and try his case up to the very point of submission, if he so chose, and then, after having caused the defendant great expense in witnesses' fees, loss of time, attorneys' services, etc., voluntarily discontinue without being subject to any costs. As Judge Stake said in his opinion in Rothoser v. Cosel: "The contention of the plaintiff's attorney, if correct, would lead to a very reprehensible practice in this court." The only difficulty to be met with in the proper application of section 248 of the Municipal Court act, supra, is in ascertaining the amount of costs to be charged against the plaintiff when he voluntarily discontinues his action. Applying the rule invoked by the plaintiff's attorney, we should have to ignore entirely any reference to costs embodied in section 248, supra, declaring that, in case the plaintiff voluntarily discontinues his action, "judgment that the action be dismissed, with costs, shall be rendered." That, as we have seen, is not the true rule to be observed in determining the question in this case. Section 248, supra, was taken from section 1382 of the consolidation act (Laws 1882, p. 353, c. 410), and is the same as that section as far as it relates to this subject. Commissioners' Notes, Collins' Municipal Court Practice, 175. Section 1420 of the Consolidation Act (Laws 1882, p. 360, c. 410) was the section by which the amount of costs on discontinuance was determined, prior to the Municipal Court act, and provided that, where the plaintiff's demand is $50 or more, and judgment is rendered in defendant's favor without a trial upon the appearance of such defendant, $7; when plaintiff's demand is $50 or more, and judgment is rendered in defendant's favor after a trial, $10. Section 332 of the Municipal Court act is now but "based upon the general principle of costs in the consolidation act, and provisions of the Code, relating to Justice's Courts, with a graduated scale." Commissioners' Notes, Collins' Municipal Court Practice, 228. Section 3013 of the Code, referring to justices' courts, is, in substance, the same as section 248 of the Municipal Court act. We have referred to section 332 before. In subdivision 1 thereof costs are to be awarded, in the discretion of the court, in any instance where the sum involved is not more than $50, in the sum of $5. In all other subdivisions the costs depending upon the amount are graduated and regulated on the theory of whether the determination precedes or follows the trial, and the general principle prevailing and fixing the costs under these statutes is to fix one sum preceding a trial and another sum after a trial, depending in all cases upon the amount involved. In subdivisions 3 and 6 of section 332 aforesaid the costs on "nonappearance" are fixed and dependent upon the amount. A voluntary discontinuance is

simply an election not to appear further in the action, and it is not an unreasonable interpretation to say that section 332 was intended to cover cases of discontinuance. The proper construction of the act as to what sums should be awarded is to construe it most favorably to the party against whom the costs are awarded, and, as the act expressly provides that costs "shall be" allowed in cases of a voluntary discontinuance or "nonappearance," to allow the sum fixed in cases preceding trial. In the case at bar, on the return day, the defendant urged additionally that, as no original process had been returned to the court, and the case placed on the calendar, it was tantamount to nonappearance, and costs should be awarded accordingly. Rules 4, 5, and 6 of the Municipal Court act, adopted pursuant to section 2 of that act (Collins' Mun. Ct. Pr. p. 290), provides for a return of the original summons and payment of the calendar fee one day before return day; the filing of a pleading; indorsement upon the original summons or filing of notice of appearance by attorney; and for the defendant taking judgment for nonappearance by handing up copy served on him with proof of service, and allowing costs on filing notice of appearance by attorney. In this case the plaintiff did not return original summons, but when the defendant moved for costs on nonappearance after compliance with the rule plaintiff appeared by attorney, stated that he elected to discontinue, and filed voluntary discontinuance. It is clear that the plaintiff did not comply with the rules, but as the justice was of the opinion that plaintiff could voluntarily discontinue, without costs, notwithstanding the rules mentioned, motion for costs on nonappearance was denied. The amount sued for being $400, the judgment should be modified, and costs allowed to the defendant in the sum of $15 and taxable disbursements, with costs of this appeal.

Judgment modified, by allowing the defendant the sum of $15 costs and disbursements in the court below, and, as modified, affirmed, with costs.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). The plaintiffs having voluntarily discontinued their action before it was finally submitted, it was obligatory upon the justice to render judgment of dismissal, with costs, to be taxed and entered in the judgment by the clerk, advised by affidavit on occasion. Taxation by the clerk might be reviewed by the justice sitting in the district if asked to do so within five days; but, unless such review has been so asked for, the costs may not be questioned on appeal. Sections 248, 341, 342, Mun. Ct. Act. Thus it seems proper to return the cause to the Municipal Court, Seventh District, for taxation of costs, but without costs on this appeal.