McCORMICK v. SHEA et al.

(Supreme Court, Appellate Term. January 7, 1904.)

1. APPEAL—GROUNDS OF LOWER COURT'S ACTION—PRESUMPTION

Where a justice of the City Court denied an application to resettle an order, sending the cause to the foot of the calendar and imposing costs for misconduct of plaintiff's attorney, so as to make it state that the court's action was based on the minutes as well as on its own motion, it would be presumed on appeal that the decision of the court was not based on the minutes.

2. TRIAL—DECLARING MISTRIAL—POWERS OF COURT.

The City Court acts within its authority in declaring a mistrial and sending a cause to the foot of the calendar where the behavior of plaintiff's attorney renders it improper to continue the trial.

3. SAME—COSTS.

Costs can only be imposed in cases authorized by statute, and, there being no statute authorizing it, the imposition of costs on plaintiff for a mistrial caused by the misconduct of his attorney was error.

Appeal from City Court of New York, Special Term.

Action by John McCormick against Thomas J. Shea and Annie A. Shea. From an order of the City Court declaring a mistrial, sending the cause to the foot of the calendar, and imposing costs, and from an order denying a motion to resettle said order, plaintiff appeals. Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

David Bernstein, for appellant.
Franklin Bien, for respondents.

PER CURIAM. This cause was on the short-cause calendar, and was sent to Part 4 of the Trial Term of the City Court for trial. The first order appealed from recites that the court warned plaintiff's attorney several times to conduct the trial in a proper and orderly

¶ 3. See Costs, vol. 13, Cent. Dig. § 1.

manner, but that the said attorney refused to do so, and continued to conduct the trial in a manner prejudicial to the interests of the defendants, as well as against the dignity of the court, whereupon the court, on its own motion, ordered the cause to the foot of the calendar, and imposed $30 costs on plaintiff. The latter made a motion to resettle this order by stating that this action of the court was based upon the stenographer's minutes as well as on its own motion, and also asked for such other and further relief as might be just and proper. This motion was denied, and plaintiff has appealed both from the order denying the motion to resettle and from the original order itself.

The record does not disclose the particulars of the alleged misbehavior of the plaintiff's attorney. Whether or not the stenographer's minutes would have thrown light on the subject we do not know. The court below, however, must have known whether or not the minutes would have shown the acts, words, or gestures of the attorney which caused the court to declare a mistrial, and, as the justice denied the application for resettlement, the presumption is that the decision of the court was not based on the minutes. The court is within its authority in declaring a mistrial where the behavior of the plaintiff's attorney renders it improper to continue the trial, with the result that the cause is sent to the foot of the calendar.

So far as the imposition of costs is concerned, however, the court, we think, fell into error. If these costs were in the nature of a penalty, the order does not so indicate, and, in any event, the client should not be fined for the willful misconduct of his attorney. Costs are the creature of the statute, and can only be imposed in cases authorized by the statute. Cassidy v. McFarland, 139 N. Y. 201, 208, 34 N. E. 893. We know of no authority which empowers the court to grant such costs in the case at bar. Whether the mistrial is caused by the misconduct of the attorney or by the failure of the parties to finish the trial within the time fixed by the rules of the City Court in such cases, the principle is the same in respect to costs, and this case comes within the doctrine laid down in Barry v. Winkle, 36 Misc. Rep. 171, 73 N. Y. Supp. 188, where the Appellate Term held that in a case where the trial is not completed within the time limit, and is consequently sent to the foot of the calendar, no costs should be imposed.

The original order may be modified by striking out the costs. With this modification, both orders are affirmed, without costs of appeal to either party.