### SEVENTH AVE. MEAT & PROVISION CO. v. DEL FAVERO.

(Supreme Court, Appellate Term. May 17, 1910.)

ATTORNEY AND CLIENT (§ 190*)—SETTLEMENT BY PARTIES—CONTINUANCE BY ATTORNEY.

> Where, before court opened on the day the summons was returnable, defendant paid the amount sued for and received a receipt in full, the court erred in permitting plaintiff's attorney to continue the suit to judgment, on the theory that the attorney had a statutory right to the costs.
>
> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 412–417; Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Seventh Avenue Meat & Provision Company against Louis Del Favero. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued before SEABURY, GUY, and BIJUR, JJ.

John J. Buckley, for appellant.

John MacGregor, for respondent.

SEABURY, J. This action was brought to recover for goods sold and delivered. The summons was returnable on January 27, 1910. Before the court opened on that day, the defendant paid the amount claimed, and received from the plaintiff a receipt in full settlement. When the case was called, the defendant did not appear, and the plaintiff's attorney caused judgment to be entered by default against the defendant. This judgment was subsequently vacated, and the defendant interposed an answer pleading payment. The action was tried, and the return shows that a judgment was entered in favor of the

plaintiff for the full amount claimed in the original complaint and costs. It appears from the stenographer's minutes, however, that at the close of the case the court announced the following decision:

"Judgment for the plaintiff for the full amount; but the plaintiff will give the defendant credit for such sums on the execution as have already been paid."

The proof offered upon the trial established that the defendant had paid in full the amount due from him to the plaintiff. The plaintiff accepted this amount, and did not insist upon costs. All of the proceedings subsequent to the settlement were entirely unnecessary, and seemed to have been taken upon the theory that the plaintiff's attorney was entitled to costs. The court awarded judgment for the plaintiff upon the ground that the attorney had a statutory right to the costs. In adopting this view, the learned court below erred. The parties had a right to settle their dispute, and there was no reason why the litigation should have been continued for the benefit of the plaintiff's attorney.

The judgment is reversed, and the complaint is dismissed, with costs. All concur.