SHEEKS v. SAMPLE.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.)

1. Costs (§ 44*)—Settlement of Action.
   Municipal Court Act (Laws 1902, c. 580) § 248, providing that a judgment dismissing an action with costs may be granted when plaintiff voluntarily discontinues the action, does not apply where the parties settle the case after the action is brought, but without providing for the payment of costs, and on proof of such settlement the case should be marked "Settled and discontinued," without judgment against either party.
   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 171–178; Dec. Dig. § 44.*]

2. Attorney and Client (§ 189*)—Compensation of Attorney—Settlement by Parties.
   Parties to an action may settle it without the consent of their attorneys, leaving the latter to look each to his own client for compensation.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 407–411; Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Laura Sheeks against Ilah Sample. From a judgment dismissing the complaint, with costs, plaintiff appeals. Reversed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Benjamin A. Judd, of New York City, for appellant.
Andrew Colvin, of New York City, for respondent.

GUY, J.   Plaintiff sued to recover upon an alleged claim against the defendant amounting to the sum of $401.30.   The briefs of both parties contain statements as to what occurred in the court below; but few of such statements are sustained by the record, and cannot therefore be considered.   The return shows that issue was joined between the parties upon verified pleadings; the defendant setting up, in substance, that the plaintiff's cause of action had not yet accrued, but interposing no counterclaim or set-off.

The summons was returnable on November 11, 1914, and the case was adjourned from time to time until November 30, 1914.   At that time the plaintiff went upon the stand and testified, in substance, that between the day of the service of the summons and the day of the trial the defendant had called upon her and paid her the full amount of her claim, and that he refused to pay any costs, and that she accepted the $401.30 in full satisfaction of the account she had against him.   Thereupon the defendant moved to dismiss the complaint, and the plaintiff moved that the case be marked "Settled and discontinued."   The court below refused to grant the plaintiff's motion, and granted the defendant's motion to dismiss the complaint, and gave judgment in favor of the defendant and against the plaintiff for $30 costs.

[1] There is no warrant in law for this disposition of the case. Section 248 of the Municipal Court Act provides that judgment that the action be dismissed, with costs, may be granted when the plaintiff

voluntarily discontinues the action; and although there is no express provision in the act as to the amount of costs to which a defendant is entitled in such a case, this court has held that he is entitled to the same costs as provided under section 332 in cases of nonappearance of the plaintiff. A. Blum, Jr., & Sons v. O'Connor, 84 N. Y. Supp. 207; Goldstein v. Perlman, 128 N. Y. Supp. 21. This section has no application, however, where the parties settle the case before judgment. The plaintiff in such a case cannot be said to "voluntarily" discontinue, as it is a settlement of the case by consent of the parties.

[2] Parties have a right to settle their differences without the consent of their attorneys. Matter of Snyder, 190 N. Y. 66, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533, 13 Ann. Cas. 441. It is competent for the parties to settle and discontinue a suit before judgment without the consent of the attorney, and he is remitted to his remedy against his client for his compensation. Randall v. Van Wagenen, 115 N. Y. 527, 22 N. E. 361, 12 Am. St. Rep. 828; Fischer-Hansen v. Brooklyn Hts. R. R. Co., 173 N. Y. 492, 501, 66 N. E. 395; Seventh Ave. Meat & Provision Co. v. Del Favero, 123 N. Y. Supp. 46. Upon proof that the parties had settled their matters of difference, the case should have been so marked, and no judgment in favor of either party entered.

Judgment reversed, with costs of appeal. All concur.