THE MODERN SILK CO., INC., Appellant, *v.* ISIDOR WEINSTEIN and Another, Respondents.

(Supreme Court, Appellate Term, First Department, June, 1917.)

Costs — imposition of, unwarranted — mistrial — withdrawal of juror.

> Where the court, upon ruling that certain statements of plaintiff's counsel in summing up were deliberately made and unwarranted and that the right of defendant to a fair and impartial trial had been thereby prejudiced, orders a juror withdrawn and a mistrial declared, the court has no right to impose costs.
>
> The costs having been imposed, plaintiff was bound to pay them in order to avoid the resultant stay, but did not by such action waive its right to move to modify the order by striking out the provision for the payment of costs.

APPEAL by plaintiff from so much of an order of the City Court of the city of New York which required the plaintiff to pay defendants the sum of thirty dollars costs.

Michael Kaufman, for appellant.

Lionel P. Kristeller (Saul Gordon, of counsel), for respondents.

BIJUR, J.  The order appealed from recites that the case had duly come on for trial; that plaintiff's attorney, in the course of his address to the jury, " stated to the jury the existence of alleged facts which were

not in evidence," and the court having thereupon ruled that these statements were deliberately made and were unwarranted, and that the right of defendants to a fair and impartial trial had been thereby prejudiced, now, on motion of defendant's counsel, ordered that a juror be withdrawn, a mistrial declared, that thirty dollars costs be paid by plaintiff to defendant, and further ordered that the case be placed upon the calendar for trial on a date about a week after the date of the order. Appellant subsequently paid the thirty dollars costs " under protest " and proceeded to trial.

It seems well settled that the learned judge below had no right to impose " costs " as such upon declaring a mistrial under the circumstances above related. Costs are the creatures of statute under our practice, and no provision is made for costs in the contingency which here arose. See *McCormick* v. *Shea,* 42 Misc. Rep. 555.

Respondent urges that plaintiff cannot be heard to complain since it has taken advantage of part of the order and therefore cannot contend that the remainder is erroneous. There is nothing, however, in the order to indicate that any option was given to plaintiff or any favor extended. The costs having been imposed, plaintiff was bound to pay them in order to avoid the resultant stay and no waiver can, as I see it, be spelled out of such action.

The order must therefore be modified by striking out the provision for the payment of costs, and, as so modified, affirmed, without costs, but with disbursements to the appellant.

Lehman and Ordway, JJ., concur.

Order modified and as so modified affirmed, without costs, but with disbursements to appellant.