## STATE OF NORTH DAKOTA EX REL. HENRY J. LINDE, Attorney General, Respondent, v. EQUITY CO-OPERATIVE EXCHANGE et al., Appellants.

### (175 N. W. 634.)

**Costs — application to tax costs denied after lapse of fifteen months.**

In this case the parties stipulated that the action be dismissed. The stipulation was dated May 24, 1916. On August 4, 1916, the defendant caused judgment of dismissal to be entered. Neither the stipulation, nor the order for judgment, made any reference to costs, and none were taxed in the judgment. More than fifteen months thereafter the defendant sought to tax costs. It is *held* that the trial court was right in denying defendant's application.

Opinion filed July 22, 1919. Rehearing denied October 27, 1919.

From an order of the District Court of Cass County, *Cole*, J., defendant appeals.

Affirmed.

*Wm. Lemke,* for appellants.

*William Langer,* Attorney General, and *Edward B. Cox,* Assistant Attorney General, for respondent.

"To authorize an allowance of costs in special proceedings some statutory authorization is necessary." 15 C. J. 5455.

See also 11 Cyc. 53, and cases cited.

The state, like any other sovereign, does not pay costs unless otherwise provided by statute. 3 Bl. Com. 400.

CHRISTIANSON, Ch. J.   This is an appeal from an order denying defendants' motion for taxation of costs.   The record shows that the state commenced an action in the district court of Cass county to dis-solve the defendant corporation, wind up its affairs, and distribute its assets.   On May 24, 1916, the attorneys for the respective parties entered into the following written stipulation:

(Title and venue.)

It is hereby stipulated by and between the parties to the above-entitled action that the same be and it is hereby dismissed.

Dated this 24th day of May, A. D. 1916.

Henry J. Linde,<br>
Atty. for Plaintiff.<br>
M. D. Munn,<br>
Atty. for Defendants.

On August 4, 1916, an order was entered upon the stipulation "that said action be and the same is hereby dismissed."   On the same day judgment was duly entered, pursuant to said stipulation and order, "that said above-entitled action be and the same is hereby dismissed."

The record does not show upon whose application judgment was entered; but upon the oral argument defendants' counsel stated that at the time it was signed the stipulation of dismissal was delivered to defendants' attorney Munn, and that thereafter one of defendants' attorneys presented it to the district court and obtained the order of dismissal, and caused judgment of dismissal to be entered.   It will be noted that no reference was made to costs in the stipulation, the order, or the judgment.   A long time after the entry of judgment, defendants moved that certain costs be taxed in their favor.   The record does not show whether the matter was ever presented to the clerk of the district court; nor does it show when the motion was made.   It does show, however, that the motion was based upon a statement of costs and disbursements verified on November 9, 1917, and that the order deny-ing the motion was made January 20, 1918.

As appears from the title, the action was instituted by Henry J. Linde, as attorney general of the state, and the stipulation of dismissal was signed by him.   Linde was succeeded by the present attorney general in January, 1917.   Honorable Charles A. Pollock was judge

of the third judicial district during the entire period of the pendency of the action. He signed the order of dismissal. In January, 1917, Judge Pollock was succeeded by Judge A. T. Cole, and the motion to tax costs was made before and decided by Judge Cole.

It appears from the memorandum opinion filed by Judge Cole, that he was of the opinion that the defendants were, in no event, entitled to tax costs against the state in this action. That is the principal reason given by the trial judge for denying the motion for costs, although he also refers to the long time which had elapsed since the rendition of the judgment. We find it unnecessary to determine in this case whether the principal reason advanced by the trial court was correct or incorrect. The question before this court is not whether the trial court assigned correct reasons for his ruling, but whether the ruling itself was right. If the ruling was right it must be sustained regardless of the reasons assigned. For "where a judgment or order is correct, it will not be reversed on appeal, because the trial court has based its decision on insufficient or erroneous reasons or grounds, or has stated no reasons therefor." 4 C. J. 663. See also Tribune Printing & Binding Co. v. Barnes, 7 N. D. 591, 75 N. W. 904; Davis v. Jacobson, 13 N. D. 430, 101 N. W. 314.

The question presented to the trial court was whether, upon the facts shown by the record, the defendants were entitled to recover costs against the plaintiff at the time the motion was made; not whether they would have been entitled to costs if the action had been prosecuted to final determination, and the defendants had prevailed. And we are satisfied that, under the facts in this case, defendants were not entitled to have judgment for costs against the state, and that the trial court was correct in so holding.

Costs are a mere incident to an action. If the cause of action is removed, the action cannot be prosecuted merely to determine the question of costs. Two Rivers Mfg. Co. v. Beyer, 74 Wis. 210, 17 Am. St. Rep. 131, 42 N. W. 232. And in most jurisdictions it is held that, where the cause of action is extinguished by agreement of the parties, no costs are taxable, unless there is an express agreement to that effect. Obert v. Zahn, 45 Okla. 219, 145 Pac. 403; Sheeks v. Sample, 89 Misc. 428, 151 N. Y. Supp. 884; 15 C. J. pp. 89–91, ¶¶ 168, 171.

And it has been held that a statute which provides that a judgment dismissing an action, with costs, may be granted when plaintiff voluntarily discontinues the action, has no application where the parties settle the case after the action is brought without making any provisions for payment of costs, and that an award of costs in defendant's favor on a judgment dismissing the complaint is erroneous.   15 C. J. 90. This action was not prosecuted to final judgment.   It was terminated and extinguished by the mutual agreement of the parties evidenced by a written stipulation.   Whatever agreement there was between the parties as to costs must be found in or implied from the stipulation. There is no contention and no showing that there was any error or mistake in the stipulation, or that there was any collateral agreement as to costs.   The stipulation was silent as to costs.   The defendants took the stipulation to the court, and obtained an order for judgment of dismissal.   The order made no provision for costs.   The defendants procured the entry of judgment, but made no attempt to have costs taxed and entered in and as a part of the final judgment.

There is another reason why the order should be affirmed.   Our statute contemplates that costs shall be inserted in and become a part of the final judgment at the time the judgment itself is entered.   It is provided that costs shall be taxed "as a part of the judgment." Comp. Laws 1913, § 7793.   In the Encyclopædia of Pleading & Practice (5 Enc. Pl. & Pr. 120), it is said: "The award of costs must be made in the final judgment or decree, and after the case has been disposed of an application to have costs granted will not be entertained." The right to costs may be waived by failure to claim them.   15 C. J. 106, 107.

In this case defendants entered into a written stipulation for a dismissal of the action.   They procured an order for judgment.   They caused final judgment of dismissal to be entered.   In none of these documents did they see fit to make any provision for costs. ˙ More than fifteen months after the rendition of judgment elapsed before they made any claim for costs.   In making the claim they offered no excuse and made no explanation of the failure to make a seasonable application for allowance of costs.   The right to costs, if one existed, must be

deemed to have been waived.   15 C. J. 106, 107; 5 Standard Enc. Proc. 924.

Order affirmed.

HANLEY and CRAWFORD, JJ., concur.

BRONSON and ROBINSON, JJ., disqualified, did not participate; Honorable W. C. Crawford, Judge of Tenth Judicial District, and Honorable J. M. Hanley, Judge of Twelfth Judicial District, sitting in their stead.

BIRDZELL, J. (dissenting).   I dissent.   As I view the matter before the court upon this appeal, the questions discussed in the majority opinion are not properly decisive.   In dissenting, therefore, I do not wish to be understood as disagreeing with the principles stated in the main opinion, nor as expressing any opinion concerning them.   The reasons for the dissent may be briefly stated:   In the respondent's brief on appeal it is stated that the appeal "deals only with the question of the taxation of costs as against the state in a proceeding such as was before the district court in the case of State of North Dakota ex rel. Linde v. Equity Co-operative Exchange et al."   Following this statement of the question, the brief is devoted to a presentation of the elementary principle, that the taxation of costs is entirely dependent upon the statute, since, under the common law, no costs or disbursements were allowed.   Reference is made to the various sections of the statute governing costs as against the state when the state is a party, from which it is argued that costs are not properly taxable in this proceeding under the statutes.   No question is raised by the respondent concerning the delay in moving for the taxation of costs.   Thus, under the respondent's presentation, it seems to be tacitly conceded that if, under the statutes, the state is liable for costs in this character of proceeding, costs should be taxed.   Litigants can, of course, waive any minor procedural questions if they see fit to do so, and if there is a desire to make the rule of ultimate liability controlling as to the question at issue between them, their waiver of procedural questions is not only valid, but commendable.   I know of no reason why such consid-

erations should not apply as between the state and a private litigant, as well as between two private litigants. While every safeguard should be employed to prevent loss or squandering of public moneys, it is somewhat inconsistent with the dignity of the sovereign state to seek to evade a legal liability by resorting to technical defenses.

As I read the brief submitted on behalf the state by the attorney general, no such effort has been made on behalf the state.

The statutory provisions which are presented as being decisive of this appeal are briefly summarized as follows: Section 7807 provides that in all civil actions prosecuted in the name of the state by an officer authorized for that purpose, the state shall be liable for. costs *in the same actions* and to the same extent as private parties, and that if a private person is joined with the state as plaintiff he shall be liable in the first instance for the defendant's costs, but that the state shall also be liable after execution against the private litigant is returned unsatisfied. Section 7793 provides that in all actions and special proceedings the clerk must tax certain costs as part of the judgment in favor of the prevailing party.

The action in which the present proceedings are had was an action brought for the purpose of annulling the charter of the defendant. Section 7969, Compiled Laws of 1913, provides that the remedies formerly attainable by the writ of quo warranto may be obtained by civil action under the provisions of the particular chapter, as well as under the provisions of chapter 27, which deals specifically with actions by and against corporations. Section 7994 (contained in chapter 27) provides that whenever an action shall have been brought against a corporation under the provisions of article 3 of chapter 27, the court shall proceed to final judgment if the proof be sufficient, that the attorney general shall have the right to appear and prosecute the action, and that the state, in case the action is continued by the attorney general without the participation of a creditor, shall be liable for costs. In both articles 3 and 4 of chapter 27, provision is made for the bringing of an action by the state where it is desired to obtain a judgment dissolving a corporation or vacating and annulling its franchise.

The principal contention is that inasmuch as the state, in bringing an action to dissolve a corporation and annul its franchise, does so

in its sovereign capacity, it is not liable for costs under § 7807, which purports to render it liable in "all civil actions;" and a distinction is sought to be drawn between such an exercise of the sovereign power and instances where the state may be a party to a civil action in which it would sustain no different relation to the opposing litigant than as though it were an individual. It seems to me that there is no warrant in the statutes referred to for any such distinction. In the classification of remedies in the Code of Civil Procedure, § 7329, they are divided into actions and special proceedings, and under § 7969 some remedies which are ordinarily classified as special proceedings (scire facias, quo warranto, and information in the nature of quo warranto) are abolished, and for them is substituted a *civil action* in district court, and the action in which these proceedings were had is clearly of that character. So that, under the Code of Civil Procedure and under the provisions enacted with special reference to the right of the state in certain instances to secure the annulment of corporate charters, the remedy provided is technically denominated a civil action. Therefore, under § 7807, the state is rendered liable for costs to the same extent as a private party. This conclusion is further supported by the provisions of § 7994, which expressly recognizes the liability of the state for costs in this particular kind of a proceeding. So far as costs are concerned, when the state brings an action against a corporation to annul its charter, I can see no distinction between actions under article 3 of chapter 27, which are predicated upon insolvency, and actions under article 4, which may be predicated upon fraud or violation of regulatory laws.

Under the statutory provisions noted, the state is, in my opinion, liable for costs in this character of civil action, but whether or not a judgment should be entered against the state, if it were resisting on procedural grounds, is a question which it seems to me is not raised, and therefore I express no opinion concerning it.

GRACE, J., concurs.