By the Court. Bosworth, J.
There is no express covenant or promise in the lease, from the defendant to the plaintiff, that the former will make repairs, or do any act to preserve the demised premises in a condition fit for habitation, or for the prosecution of the business for which they were demised. On the contrary, the written contract states, that the plaintiff was “ to do all necessary repairs at his own expense.”
Howard v. Doolittle, (3 Duer, 464,) is in point, and determines, that the landlord, in the absence of an express covenant, is under no obligation to repair, or to do any act to protect his tenant from the consequences of the lawful acts of the owner of adjoining lots, in excavating them to such depth as would endanger the stability of the demised premises. That decision must control our own on that point. In the opinion of the Court, in Howard v. Doolittle, the leading authorities are examined, and establish, as we think, the conclusions at which the Court arrived. See, also, Keates v. Cadogan (2 Eng. L. & Eq. R. 318).
Unless Chap. 6 of the Laws of 1855 (p. 11) has altered the duties and liabilities of a landlord to his tenant, there is no cause of action stated in the complaint. That Act makes it practicable to subject a person, excavating a lot in the City of New York to the depth of more than ten feet below the curb, to the expense of preserving from injury a contiguous wall on an adjoining lot, during the excavations, and of supporting the same by a proper foundation, so that it shall remain as stable 'as before such excavations were commenced.
To subject the person excavating to such expense, he must “be afforded the necessary license to enter on the adjoining land.”
Such license must be tendered, and must be express, and authorize such acts to be done as may be necessary to enable the person, to whom'it may be given, to perform the duty which the statute, in such a contingency, creates.
When given, it must be given by those who may be injuriously affected, for the time being, by the acts necessary to preserve from *131 injury the wall on the adjoining lot, and to support it by a proper foundation.
A license from the landlord will not protect him from an action by the tenant for interfering with the possession of the latter. A license from both landlord and tenant may be necessary to protect the person proposing to excavate, and, if so, would be necessary to subject him to the liability declared by this statute.
But we think it a sufficient answer, to the arguments of the plaintiff, based on this statute, to say that prior to the statute the landlord was under no obligation, as between himself and his tenant, to do any thing to preserve the demised premises from the consequences of such acts.
That statute does not create, and was not designed to create any such obligation. Its whole object was, to enable those who might desire to protect an adjoining wall from injury, and who, but for the Act, must have preserved it at their own expense, to cast upon a person excavating the expense and responsibility of preserving it from injury until the excavations are completed, and of continuing its stability, as firm as he found it when the excavations were commenced.
It does not make it compulsory upon any one, who has a building on the lot adjoining the lot to be excavated, to protect his building, or subject him to the expense and necessity of preserving it from injury.
This is not a case, therefore, in which the landlord has done any affirmative act, or authorized an act to be done by any other person, which makes the demised premises less beneficial, or wholly useless to the tenant.
All the acts done by Grosvenor, instead of being done by virtue of any permission of the landlord, express or implied, were performed in his own right, as owner of the lot excavated.
The consent of the defendant to these acts was not essential to justify them, and it was not asked. The defendant could not have prevented him from doing them, and an express notice forbidding him to do them, would not have subjected Mr. Grosvenor to any liability to any one.
The complaint avers, that “ the said Grosvenor carried on and conducted said excavations on his said lot, so as to relieve and keep himself harmless of any trespass on the plaintiff’s *132 rights or other liability for the injury, loss and damage sustained by him in consequence of the fall of said buildings, occupied by him as aforesaid, on said lot, No. 252 Broadway.”
To sustain this action, it is necessary to hold, that although the landlord is under no obligation to be at any expense, or to do any act to sustain the demised premises, and preserve them from injury, yet he is bound, by force of the relation of landlord and tenant, to give such a license, in a case like the present, as will make it the duty of a person about to excavate an adjoining lot, to preserve from injury the wall of the demised premises, while the excavations are progressing, and leave it, when they are completed, as firmly supported as it was when they were commenced.
This liability, if it exists, grows out of the statute and the fact, that the landlord knew the tenant was willing that such license should bé afforded.
This statute, in our view of it, does not alter the duty of landlords, to their tenants, so as to require the former to interfere in any manner with the lawful or unlawful acts of third persons, for the protection of their tenants against consequences, which they have not undertaken to mitigate or prevent.
The landlord is not liable to indemnify the tenant against results, which he has not promised, either expressly or by implication, should not occur.
The judgment must be affirmed.