By the Court:

Monell, J.
There was no covenant on the part of the defendant to keep the premises in repair, nor that the premises *188 should he tenantable, or should continue so during the term. There was a covenant on the part of the plaintiff to do the repairs required inside the house.
It is no defense to an action for rent, either that the premises were unfit for occupancy, or had become out of repair after the commencement of the term (Howard v. Doolittle, 3 Duer, 464; Cleves v. Willoughby, 7 Hill, 83; Sherwood v. Seaman, 2 Bosw., 127; Post v. Vetter, 2 E. D. Smith, 284).
Had there been a covenant by the landlord to keep the house in repair, a breach of such covenant would have authorized a recoupment of damages by the tenant.
The parol promise, which it was alleged the defendant made, to put the premises in good repair, cannot be sustained for the want of a consideration. She was under no obligation to do any repairs, and her promise was a mere nudum ¡pactum.
It is possible that the condition of the premises would have justified the plaintiff in abandoning them under the statute of 1860 (Sess. Laws, p. 592, ch. 345). Had she done so, it may be that she would have been relieved from the payment of rent after such abandonment. But she would have remained hable for all rent due or accruing up to the time of surrender (McKenzie v. Farrell, 4 Bosw., 192).
It is entirely clear, I think, that the plaintiff is liable to the defendant for all rent due at the time she was dispossessed. She has not stated any fact which would constitute a defense to an action for its recovery.
Such rent having remained unpaid, there was a default in the chattel mortgage, and the title to the property passed absolutely to the defendant, and she had an undoubted right to sell it to pay the debt.
I am unable to perceive any ground upon which the injunction can be sustained. The order should, therefore, be reversed and the injunction dissolved.