By the Court.—Sanford, J.
The general exception taken by the defendant’s counsel to the refusal of the court to charge as requested, is of course untenable, unless each and all of the several proj;ositions submitted are sound in law and applicable to the facts and circumstances of the case. If either of such propositions be erroneous, the exception is unavailing. It presents "no question for review (Keller v. New York Central Railroad Company, 24 How. Pr. 172; Magee v. Badger, 34 N. Y. 247). As the first request involved only proposed instructions to the jury in regard to the manner in which the statute was to be construed, the court very properly declined to comply with it. It was the duty of the court, not of the jury, to construe the statute ; and it would have been error to have devolved upon the jury the duty of determining its import and meaning, with or without instructions as to whether it was to be strictly or liberally construed.
But there was no error in the construction of the statute which the court adopted in refusing the second and third requests preferred by the defendant’s counsel,
*140 “The necessary license to enter on the adjoining land,” which under the provisions of the statute is to be afforded to “ the person causing such excavation to be made,” comprehends and requires no action on the part of the licenser. The word 1 ‘ license ’ ’ imports leave, permission, sufferance, authorization. It implies only the removal of legal restraint by a grant of permission. The necessary license must be deemed to be afforded, when it expressly authorizes ‘ ‘ such acts to be done as may be necessary to enable the person to whom it may be given to perform the duty which the statute, in such a contingency, creates” (Sherwood v. Seaman, 2 Bosw. 127). Any interference with the plaintiff’s wall or with its machinery would have been a. trespass, but for the withdrawal by license of those legal restraints which debarred the defendant from entering the building and doing there whatever was necessary to be done, in order to preserve the wall from injury, and support it by a proper foundation.
It is alleged in the complaint, although the evidence scarcely sustains the averment, that the wall could not be preserved and supported without the removal of the machinery. It appeared in proof that a space of from three to five feet extended along between the machinery and the wall. A witness on the part of the plaintiff testified that it was pointed out to the defendant’s employees that they could have entered and put their needles through, between the machines, without disturbing them at all, but they said they would do as they pleased, and the person employed by the defendants to support and underpin the wall, when asked whether, in his opinion, the work would have been done with the machines there, replied, “I would not have wanted to take the responsibility; no sir, not very well.” The fullest license, however, was accorded to the defendant to do whatever was deemed necessary ; no restriction was imposed, and every courtesy and *141 facility was extended. The objection is, not that the plaintiff did not authorize, but, that it did not effect the removal. Clearly if the removal of the machinery was not a matter of necessity, but merely a convenience to the defendants, the plaintiff was under no obligation either to remove it, or to authorize its removal; but, assuming the necessity of its removal, I am of opinion that all that the statute required, was that such access to the premises should be afforded, as would enable the defendant to do and perform whatever was necessary for effecting the proper preservation and support of the wall. Having such access, the duty devolved upon the defendant of doing all that was necessary, and having afforded such access the plaintiff was entitled to have all that was necessary done. If, therefore, the removal -was effected by the plaintiff, at the request of the defendant and upon the express promise to pay for it, the defendant became liable for the reasonable value of all such work as was necessarily performed in effecting it.
The proposition involved in the fourth request is untenable, for the reason that labor performed on Sunday is not ipso facto illegal. The statute provides that there shall be no servile laboring or working on that day, excepting works of necessity and charity (2 R. S. 675, § 70). There was evidence in the case tending to show some necessity for doing, on Sunday, such part of the work as was done on that day. Again, only part of the work was then done. The evidence does not show that the parties to the contract contemplated or agreed that the work should be wholly performed on Sunday, nor was' it done wholly on that day. Under the construction given to the statute in question, by the court of appeals, in Merritt v. Earle (29 N. Y. 115), I am not prepared to say that the contract was void, or that the defendant’s promise to pay for work done under it cannot be upheld, *142 merely because part of such work was done on Sunday. The court properly charged that extra compensation could not be recovered for work done on Sunday, or at night, unless the defendant expressly requested that it should be so done. The verdict was for less than half the amount claimed by the plaintiff, and less than half the amount that was proven to have been expended. As there rvas no conflict of evidence in regard to the amount expended, or the nature of the work, it may, perhaps, be assumed that the jury rejected the claim so far as extra compensation or compensation for Sunday work is concerned, the abatement being in excess of the amount charged for Sunday work.
It was insisted on the argument that the court erred in permitting evidence to be adduced as to conversations between the agents of the plaintiff and the defendant’s general business manager Mr. Ford.
It appeared from the evidence that Mr. Ford was the general business manager of the defendant; that he was informed by the plaintiff’s agent, that the plaintiff had been requested or ordered by persotis in defendant’s employ to take the machinery out of their way; that its removal would involve considerable expense, and that the plaintiff would look to the Tribune Association for reimbursement of the necessary expense ; that he thereupon directed the plaintiff “ to go ahead and send him the bills.”
The objection is founded upon the alleged insufficiency of the evidence to show that Ford had authority to bind the defendant. It was expressly admitted on the trial that Ford was the defendant’s business manager, and had been such since 1873, and it seems to have been assumed by counsel on both sides that this admission was broad enough to warrant the inference of full authority on his part, to make the contract upon which the action was based. I think it was. At *143 all events, the point was not raised in such form as clearly to apprise the court that it was or would be relied on. The evidence was received upon the understanding that Mr. Ford’s connection with the defendant should afterward be shown, and that unless his authority was shown it should be stricken out. Under the circumstances, its reception was a proper exercise of judicial discretion as to the order of proof. The defendant subsequently made the admission above referred to, which both parties seem to have regarded as entirely adequate. Fío motion was made to strike out the evidence of what occurred between Ford and the plaintiff’s agent; and, when the defendant moved for a non-suit, the grounds urged in support of the motion were, (1) that the license was incomplete until the machinery was removed by the plaintiff; and (2) that, for this reason, any promise made by Mr. Ford would b^without consideration. It was not contended or suggested that any promise made by him was or would be without authority. Objection was also taken to the introduction in evidence of the bills or vouchers for the amounts expended by plaintiffs. I think they were admissible, not as proof of the facts stated in them, but as tending to show that Ford’s instructions to send him the bills were complied with. The services specified in the bills and their value were proved by extrinsic evidence. Evidence of what was said and done about the machinery by the persons employed by defendants to shore up the wall when they first entered the plaintiff’s premises, were admissible as part of the res gestee.
A careful review of the whole case, and a critical examination of the exceptions, has failed to disclose any error for which the judgment and order appealed from should be reversed. The evidence would have warranted a larger recovery.
*144 The judgment and order appealed from must, therefore, be affirmed, with costs of the appeal.
Curtis, Ch. J., concurred.