(23 Misc. Rep. 641.)

### CLAPP v. STERNGLANZ et al.

(Supreme Court, Appellate Term.   June 6, 1898.)

NOTICE OF APPEAL—CORRECTION.

As, under Code Civ. Proc. § 1340, an appeal from the municipal court of New York City lies to "the supreme court," and, under section 1344, is to be heard by the appellate division, or by such justices as may be designated thereby, a notice of appeal from the municipal court which states, by mistake, that it is taken "to the appellate division of the supreme court, First judicial department," refers to the proper "court," and as its error is only in its designation of the branch of the court where the appeal will be heard, as to which no reference at all was needed, it is not thereby invalidated, and may be corrected by the appellate term of the supreme court upon motion.

Appeal from Tenth district court.

Action by William H. Clapp against Jacob Sternglanz and another. Judgment for defendants, and plaintiff appeals. Motion for leave to amend notice on appeal.   Granted.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Reno R. Billington, for appellant.

Platzek, Stroock & Herzog, for respondents.

BEEKMAN, P. J.   The plaintiff, intending to appeal from the judgment to this court, served a notice of appeal which ran as follows: "Take notice that the plaintiff, William H. Clapp, hereby appeals to the appellate division of the supreme court of the state of New York, First judicial district, from the judgment rendered against him in the above-entitled action in favor of the defendant Jacob Sternglanz, with ten dollars costs, on the 27th day of April, 1898, and from the whole and each and every part of said judgment." Upon the receipt of this notice, the attorney for the defendants returned it, with a formal indorsement thereon that an appeal to the appellate division from such a judgment could not be taken.   Thereupon this motion is made by the plaintiff for an order correcting such notice by substituting the word "term" for the word "division," and requiring the defendants and the justice of the municipal court in which the judgment was rendered to receive such notice as amended as of the date of the service of the original notice.   The attorney for the plaintiff states in his affidavit that he dictated the original notice to a stenographer, describing the court to which the appeal was taken as the "appellate term of the supreme court"; that the error made was that of the stenographer in transcribing his notes, and was not observed by him at the time the notice was served.

While the courts, acting under sections 1303 and 3049 of the Code of Civil Procedure, the latter of which applies to appeals from the district courts, now the municipal court of the city of New York, have been very liberal in allowing amendments to such notices, it may be said that the limit of permissible action in that regard is reached where the proposed amendment is either inconsistent with the terms of the original notice as far as it went, or extends its operation to a subject-matter, such as another judgment or order, to which originally it did not refer. It is contended that such is the case here, and that the amendment asked for so far changes the original notice as to substitute another appellate court for the one which was originally designated therein. Certainly, if that be the case, the motion cannot be granted, as it would be really authorizing an appeal to be taken after the time so to do has expired; and that the court has no power to do, either directly or indirectly. It becomes necessary, therefore, to consider the nature and legal effect of the notice of appeal in question as it stands. Section 1340 of the Code of Civil Procedure provides, among other things, that "appeals from inferior and local courts heretofore heard in the court of common pleas for the city and county of New York and the superior court of Buffalo may be taken to the supreme court." As the appeal here comes within this description, it is governed by this section. By section 1344 of said Code it is further provided that "an appeal taken as prescribed in this title must be heard by the appellate division of the supreme court, except that appeals from the judgments of any district court or of the city court of the city of New York may be heard by the appellate division of the supreme court or by such justice or justices of the supreme court as may be designated for that purpose by the justices of the appellate division sitting in the First judicial department." It will be observed that the right of appeal is conferred exclusively by section 1340, which names the court to which such an appeal must be taken. The appeal lies to the supreme court, not to the appellate division of that court; and, strictly speaking, the notice of appeal should describe the appellate court as the supreme court of the state of New York, First judicial district, without qualification. Section 1344, as is very clear from the language there used, relates not to the tribunal to which the appeal is taken, but to the part of the court where the appeal is to be heard. Whether it is to be heard by the appellate division or by other justices of the supreme court rests in the discretion of the former. If no designation is made, then the appeal must be heard by the appellate division; if a designation be made, then the hearing must be had before the justices so designated. But, whichever it may be, the power thus exercised has the source of its authority in the jurisdiction which belongs to the court at large, and not to the particular arm of the court through which it finds expression in action.

The reference in the notice of appeal under consideration to the appellate division must be regarded, then, as indicating rather the place of hearing than the court to which the appeal is taken. But it is the function of a notice of argument to describe the place in which the hearing is to be had, not of a notice of appeal. The former relates to a matter of procedure after an appeal has been taken; the

latter is, as it were, the process which initiates the appeal and confers jurisdiction upon the court to entertain it.    The one is like a notice of trial, which indicates the part of the court where the action is to be tried; the other resembles the summons, which commences the action, and determines the court in which it is brought, but is silent with respect to all other matters.    Bearing in mind this clear distinction between that which relates to jurisdiction and that which refers only to the manner in which such jurisdiction is to be exercised after it has been acquired, the solution of the question before us is not difficult.    It is manifest that the appellant intended to appeal to the supreme court upon the face of the notice itself.    Apparently he has described the court under a designation which is applicable only to a division or part of it, an error which was the natural result of a failure to observe the distinction above pointed out.    But, taking the notice as a whole, it is plain that what the appellant has done is to express in his notice both the court to which the appeal was taken and the part of the court where it was to be heard.    The notice is, therefore, to be construed as if it had run "to the supreme court of the state of New York, First judicial district, to be heard at the appellate division."    This is what was meant, and any other construction would seem to be quite unreasonable.    It is true that the appellate division in this department is not the appropriate body for the hearing of such appeals in the first instance, but the error thus made by the appellant was with respect to a matter not essential to the notice of appeal, and cannot, therefore, be considered as in any way fatal to its validity. The words to which objection is made might well be considered as surplusage, and can be rejected without changing the character of the appeal itself.    It has become the practice in this district, in taking appeals from the district courts and the city court to the supreme court, to refer to the appellate court in the notice as "the appellate term of the supreme court," etc.    For the reasons which I have given, this also is not technically correct.    But would any one for a moment contend that the notice was therefore void, or that the language so employed meant more or less than a joint designation of the court appealed to, and the part of the court where the appeal is to be heard? The words "appellate term" have been employed by the appellate division in this department for the purpose of conveniently describing the justices whom they have designated to hear such appeals, and, while properly used in a notice of argument, they have, technically speaking, no appropriate place in the notice of appeal itself, although their presence in such notice does not affect its validity.    In view of what has been said, it is plain that the attorney for the respondent should have accepted and retained the notice of appeal, and we are therefore bound to consider that a valid appeal from the judgment complained of is now pending in this court.    But, inasmuch as the notice contains a misdescription of the branch of the court in which the hearing is to be had, the appellant may take an order correcting the same, and directing the attorney for the respondent and the clerk of the court below to accept the notice.

The motion is therefore granted as above indicated.    All concur.