(39 Misc. Rep. 441.)

### LAURIA v. CAPOBIANCO.

#### (City Court of New York, Trial Term. December, 1902.)

1. SUMMARY PROCEEDINGS—COSTS.

Where a landlord succeeds in a summary proceeding, not involving a forcible entry and detainer, under Code Civ. Proc. § 2250, providing that costs in a summary proceeding, when allowed, must be at the rate allowed in an action in a justice court, and section 3076, subd. 2, limiting costs in justice courts to $10, he is entitled to $10 costs, and no more, and is not entitled to an extra allowance under Code Civ. Proc. § 3253; that section being limited in its application to actions, and not applying to special proceedings.

2. SAME.

Code Civ. Proc. § 3240, providing that costs in special proceedings in a court of record, when not specially regulated, may be awarded to any party, in the discretion of the court, does not apply to costs in summary proceedings; they being specially regulated by Code Civ. Proc. § 2250.

Action by Pasquale Lauria against Frank Capobianco. Judgment for defendant. Application for award of costs, and an extra allowance on settlement of final order. Denied.

Alexander Finelite, for applicant.
Merrill & Rogers (Alfred H. Holbrook, of counsel), opposed.

SEABURY, J. This is an application for an award of costs, and an extra allowance in a summary proceeding to recover the possession of leased premises. The proceeding was tried before me with a jury, and resulted in a verdict in favor of the tenant. The contention of the tenant is that he is entitled, in the discretion of the justice presiding at the trial, to the same costs as those allowed in an action in this court under section 3240 of the Code of Civil Procedure. The questions litigated upon the trial were of such a character that, if the matter were discretionary with me, I should award the amount of costs asked for by the tenant. I can find no warrant in the statute for such an award of costs. A party seeking an award of costs must be able to point to some statute authorizing the award, as the whole subject is

entirely regulated and controlled by statute. In Levene v. Hahner, 62 App. Div. 195, 70 N. Y. Supp. 913, the court said, "Costs are regulated by statute, and therein must be found the answer to the question, when raised, as to what costs and in whose favor the same are taxable." After a careful examination of the statutes, the only provision which I have been able to find authorizing an award of costs in proceedings of this character is section 2250 of the Code of Civil Procedure. This section provides that "costs, when allowed, and the fees of officers, except where a fee is specially given in chapter twenty-one of this act, must be at the rate allowed by law in an action in a justice's court, and are limited in like manner"; the only exception to this rule being when the application is founded upon allegations of forcible entry or forcible holding out, which has no application to the present case.

The argument of counsel for the tenant that, because this is a special proceeding in a court of record, the full costs of an action may be awarded, is untenable. Section 3240 of the Code of Civil Procedure, upon which counsel bases this contention, provides that "costs in a special proceeding instituted in a court of record, or upon an appeal in a special proceeding, taken to a court of record, where the costs thereof are not specially regulated in this act, may be awarded to any party, in the discretion of the court, at the rate allowed for similar services, in an action brought in the same court, or an appeal from a judgment taken to the same court, and in like manner." This section does not apply to all special proceedings instituted in a court of record, but only to those special proceedings "where the costs thereof are not specially regulated in this act." The costs taxable in summary proceedings are "specially regulated" by section 2250 of the Code of Civil Procedure, wherein they are expressly limited to those allowed in a justice's court, except in cases of forcible entry and forcible holding out. The costs of the prevailing party in proceedings of this character in a justice's court are limited to $10. Code Civ. Proc. § 3076, subd. 2.

Counsel for the tenant also contends that the court may award an extra allowance under section 3253 of the Code of Civil Procedure. This section, however, is limited in its application to actions, and does not apply to special proceedings, even where the proceeding is regularly tried before a jury, and is analogous in its purpose and scope to an action. Railroad Co. v. Davis, 55 N. Y. 145; In re Holden, 126 N. Y. 589, 27 N. E. 1063. I conclude, therefore, that the tenant is entitled only to an award of $10 costs, and the application for an extra allowance is denied.

Application denied.