(55 Misc. Rep. 248)

## SEYMOUR v. HUGHES.

(Supreme Court, Appellate Term. June 27, 1907.)

1. APPEAL—REQUISITES AND PROCEEDINGS FOR TRANSFER OF CAUSE—SUFFICIENCY OF NOTICE—AMENDMENT.

A notice of appeal from the final order in a summary proceeding, purporting to appeal "from the judgment," was sufficient to apprise the opposite party that the appeal was from the final order, since no judgment could be entered in such a proceeding, and the notice may be amended to conform to the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2145.]

2. LANDLORD AND TENANT—RENT—UNTENANTABLE CONDITION OF PREMISES.

Where a tenant covenanted to make all repairs on the premises and not to call upon the landlord for any outlay, she was not relieved from the obligation to pay rent because of an excavation upon adjoining premises, rendering the premises less valuable to her.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 755, 756, 770, 777, 778.]

3. CONTRACTS—CONSIDERATION—PERFORMANCE OF LEGAL OBLIGATION.

Where a tenant has agreed to pay a certain rent, her agreement before the termination of the lease to pay a less amount and remain in possession in spite of excavations on adjoining premises which rendered the premises more or less untenantable was no consideration for an agree-

ment of the landlord to accept the reduced rent and waive a covenant in the lease which gave him the right to terminate the tenancy upon notice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 273, 280, 285.]

**4. FRAUDS, STATUTE OF—INTERESTS IN REAL ESTATE—CREATION OF LEASES.**

Real Property Law, Laws 1896, p. 602, c. 547, § 224, provides that a contract for the leasing for a longer period than one year, or for the sale of any real property, or an interest therein, is void, unless the contract or some note or memorandum thereof is in writing, etc. *Held*, that a parol agreement modifying the terms of a lease, and intended to cover its unexpired term of more than two years, did not create a valid lease and thereby effect a surrender of the existing lease by operation of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 91.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by George W. Seymour against Emma L. Hughes. From a final order of the Municipal Court, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY, and PLATZEK, JJ.

Earley, Weaver & Earley, for appellant.

SEABURY, J. This is an appeal from a final order entered upon the verdict of a jury in favor of the tenant in summary proceedings instituted by the landlord. After the jury had returned its verdict in favor of the tenant, the counsel for the landlord moved to set aside the verdict upon the grounds stated in section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). In response to this motion the justice said: "Make your motion on notice." The record before us does not show that such a motion was subsequently made and determined by the justice. It does show that a final order was entered in favor of the tenant. The notice of appeal purports to appeal "from the judgment."

There can, properly speaking, be no "judgment" in summary proceedings, although the final order is frequently referred to as a judgment, and in effect is a judgment. Chaplin on Landlord and Tenant, § 678; 3 McAdam on Landlord and Tenant, p. 91. A summary proceeding is a special proceeding. It is not an action, although it is analogous in its purpose and scope to an action. Code Civ. Proc. §§ 2235, 2264, 3333, and 3334; People v. Hamilton, 39 N. Y. 107; Dorschel v. Burkly, 18 Misc. Rep. 240, 46 N. Y. Supp. 389; Decker v. Sexton, 19 Misc. Rep. 59, 43 N. Y. Supp. 167; Lauria v. Capobianco, 39 Misc. Rep. 441, 80 N. Y. Supp. 203. Although the written notice of appeal states that the landlord appeals "from the judgment," we think that it sufficiently apprised his adversary that the appeal was from the final order, as there could, strictly speaking, be no judgment entered. The misdescription of the final order in the notice of appeal should be corrected by amendment by substituting the words "final order" for the word "judgment." This court amends the notice of appeal accordingly, and, as amended, will determine the question presented for review. Clapp v. Sternglanz, 23 Misc. Rep. 641, 52 N. Y. Supp. 156.

On August 5, 1905, the parties to this proceeding entered into a written lease, where the landlord rented the premises No. 153 West Thirty-Sixth street, in the borough of Manhattan, to the tenant, for a term of 3 years 15 days from August 15, 1905, at the yearly rental of $1,600. The lease further provided that:

"It is understood and agreed that the said tenant will vacate the above-demised premises at any time during the term of this lease upon receiving 60 days' notice to that effect in writing from the landlord, after the 15th day of August, 1905, mailed to said premises."

The lease also contained the following provision:

"And the said party of the second part further covenants and agrees to use said rented premises only for dwelling purposes, and accepts the premises in their present condition, and will keep the same in good repair, and will make all repairs to the house and its fixtures at her own cost and expense, and will not call on the party of the first part for any outlay during the term of this lease. And at the expiration or sooner termination of the said term the said party of the second part will quit and surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

Pursuant to the terms of the lease the landlord on November 21, 1906, mailed to the tenant a written notice, addressed to the tenant at the said premises, requiring her to vacate said premises within 60 days from the delivery of said notice to her. By virtue of the notice sent the tenant, under the terms of the lease the tenancy expired on January 21, 1907. The tenant continuing to hold over after this date, the landlord instituted this proceeding. In her answer to the landlord's petition the tenant alleged, and upon the trial offered her testimony to prove, that prior to February 1, 1906, the owners of the adjacent premises commenced excavating, which operations rendered the premises untenantable, and that the tenant informed the landlord of this condition and of her intention to remove from the premises, and that the landlord agreed that, if the tenant would remain in possession, the lease should be so modified as to provide that the tenant should occupy the premises until the day of the expiration of the original lease, to wit, September 1, 1908, and that while said excavating operations continued she should pay as rental only the reasonable value of the use and occupation thereof, not to exceed the sum of $80 per month, and that the tenant paid this rental during the months of February, March, April, May, June, and July, and in the months of August, September, and October, 1906, $40 per month; that sum being alleged to be the reasonable value of the use and occupation of the premises during that term. The tenant further alleged and testified that it was agreed with the landlord that the lease should be further modified by the cancellation of the clause above quoted, giving the landlord the right to terminate the lease upon giving notice to the tenant.

Assuming, as we must, in view of the verdict of the jury (although a reading of the record suggests many doubts), that this agreement was made, there is no basis in law upon which this alleged defense can rest. There are two reasons, either of which is conclusive, why the final order entered in favor of the tenant must be reversed:

First. The alleged agreement, even if made, was without considera-

tion and void. The fact that excavation operations were being con-
ducted upon the adjacent premises did not relieve the tenant of the
obligation to pay the landlord the rent reserved in the lease.    Sher-
wood v. Seaman, 2 Bosw. 127; Howard v. Doolittle, 3 Duer, 464;
McKenzie v. Hatton, 141 N. Y. 6, 8, 35 N. E. 929; Johnson v. Oppen-
heim, 55 N. Y. 293; Kramer v. Cook, 7 Gray (Mass.) 550. In 2
McAdam on Landlord & Tenant, p. 1087, the rule is stated as follows:

"If a tenant in possession of a building suffer damage to his possessory
right by adjoining excavations, he may, if it be a case in which the party
making the excavation is liable in damages according to law, recover by
action whatever damages his particular estate or property received by the
wrongful act of the party excavating. As between the tenant thus injured
and his landlord, however, the rule of law is that a landlord, in the ab-
sence of an express covenant, is under no obligation to repair, or to do any
act to protect his tenant from the consequences of the lawful acts of the
owner of adjacent premises in excavating them to such depth as would en-
danger the stability of the demised premises."

The tenant was obligated to pay the rent reserved during the term
of the lease, and her agreement to pay a reduced amount furnished no
consideration for the alleged agreement of the landlord to accept this
reduced rent, and to wave the covenant in the lease which gave him
the right to terminate the tenancy upon notice to the tenant.    Assum-
ing this agreement to have been made, it was at most an agreement
to do less than she was already obligated to do and such an agreement
is without consideration.    9 Cyc. 354.    In order to show that there
was a valid consideration for the alleged promise of the landlord, it
would be necessary for the tenant to establish that she was relieved
from the obligation to pay rent because of the excavation upon the
adjoining premises.    The learned trial justice evidently tried the case
upon this theory, but the authorities already cited clearly show this is
not the case.

Second. The alleged agreement with the landlord did not operate
as a surrender of the original lease, and, if it was intended to effect a
new lease, for the unexpired term, it could not be created by parol.
Section 224 of the real property law (Laws 1896, p. 602, c. 547),
provides that:

"A contract for the leasing for a longer period than one year, or for the
sale of any real property, or an interest therein, is void, unless the contract,
or some note or memorandum thereof, expressing the consideration, is in
writing, subscribed by the lessor or grantor, or by his lawfully authorized
agent."

At the time of the alleged agreement with the landlord, the unex-
pired term of the original lease was two years and seven months.    The
alleged "substituted or modified lease" was claimed to cover this un-
expired term.    It was therefore executory, and plainly in violation of
the provisions of the statute quoted.    In Coe v. Hobby, 72 N. Y. 141,
147, 28 Am. Rep. 120, the court said:

"The farthest that our courts have gone, is to hold that, to effect a sur-
render of an existing lease by operation of law. there must be a new lease,
valid in law, to pass an interest according to the contract and intention of
the parties."

In Smith v. Kerr, 108 N. Y. 31, 38, 15 N. E. 70, 73, 2 Am. St. Rep. 362, the court said:

"If it [an alleged oral agreement] could in any way be held to have effected a new lease of the premises, it must also be held, in view of the circumstances and the obvious intention of the parties, that it was intended to continue during the unexpired term of the existing lease. Such a term could not be created by parol, and the agreement, therefore, could not create a valid lease, and thereby effect a surrender of the existing lease by operation of law."

In Voege v. Ronalds, 83 Hun, 115, 31 N. Y. Supp. 353, the court said:

"The rule is settled that a contract or covenant under seal cannot be modified by a parol unexecuted agreement. The conversation testified to, therefore, did not operate to modify in any way the terms of the lease, and did not establish any defense to the action."

As the answer of the tenant stated no defense to the petition of the landlord, a final order should have been issued in favor of the landlord, awarding the delivery of the possession of the premises described in the petition by reason of the expiration of the tenant's term, together with $10 costs, the amount to which the costs of the prevailing party is limited in proceedings of this character. Lauria v. Capobianco, 39 Misc. Rep. 441, 80 N. Y. Supp. 203.

The final order appealed from is reversed, and a final order is directed to issue awarding the delivery of the possession of the premises to the landlord, together with $10 costs in the court below and the costs of this appeal. All concur.