OSTER BROTHERS FURNITURE CO v MATLES

Ohio Appeals, 7th Dist, Mahoning Co

Decided March, 15, 1929

Metcalfe & Cannon, and Harry Barrett, all of Youngstown, for Furniture Co.

Max Brunswick, Youngstown, for Matles.

FARR, J.

Upon the trial below there was a verdict and judgment for the defendant, and from such judgment error is prosecuted in this court upon the ground that the judgment is contrary to law. The original contract between the parties is in writing and the subsequent agreements are admitted to have been oral, and the important issue here is whether or not such defense by way of oral agreements for reduced rentals is available to Matles.

An examination of the record does not disclose that there was any new or additional consideration for these oral agreements, and it is fundamental that to sustain a new contract of that character that there must be a consideration moving from one party to the other, and so it is held in the case of **Marshal, et al. v. Ames, 11 C. C., 368.**

Of interest in this connection is Gordon v. Greem, 197, Pac., 955.

And in the opinion, at page 956, it is said:

"See also Doldsborough v. Gable, 140 Ill., 269; 29 N. E., 722, 15 L. R. A., 294; Seymour v. Hughes, 55 Misc. Rep. (N. Y.) 251, 105 N. Y. Supp., 249; Wharton v.. Anderson, 28 Minn., 302, 9 N. W., 860. The modified agreement as found by the court to have been made between the parties, was therefore a mere nudum pactum, which did not relieve defendant from the obligations under his lease."

There being no consideration shown for the alleged new oral agreements, there is nothing whatever to support them, and they are, in the language of the foregoing, merely nudum pactums. See also Coe v. Hobby, 72 N. Y. 141-148.

It follows, therefore, that the judgment in the instant case is contrary to law and for that reason the same is reversed and the cause remanded.

Pollock and Roberts, JJ, concur.